IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| : | |
| v. : | |
| : | |
| JUAN MARTIN LOPEZ : | No. 10-676-2 |
| : | |

**MEMORANDUM**

**Schiller, J.**                                                                             **October 16, 2012**

Defendant Juan Martin Lopez seeks an evidentiary hearing after the Government refused to file a motion for downward departure on his behalf. For the following reasons, the Court finds that Lopez is not entitled to a hearing and denies his Motion for Relief to Enforce the Agreement for a Downward Departure.

**I.      FACTS AND PROCEDURAL HISTORY**

On April 21, 2011, Lopez entered into a Guilty Plea Agreement ("Plea Agreement") with the Government that covered all of the narcotics-related offenses set forth in his three criminal indictments. The Plea Agreement stated that "the government will . . . [m]ove for departure from the Sentencing Guidelines . . . if the government, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense . . . ." (Plea Agreement at 3.b.) It also explained that "the government may refuse to file a § 5K1.1 . . . if this plea agreement is breached in any way including the commission of a crime after the date of this agreement." (*Id.*)

As part of the Plea Agreement, Lopez provided information relating to his narcotics offenses and the roles his co-conspirators played in those offenses. On April 25, 2011, Lopez pleaded guilty

to all counts against him in the three indictments. On August 14, 2012, Lopez filed a motion to withdraw his guilty plea. Following a hearing, the Court denied Lopez's motion to withdraw his guilty plea. Defendant filed this motion to enforce on September 18, 2012 and the Government filed its opposition on September 25, 2012.

In his motion to enforce, Defendant argues that, after providing the Government with "significant information," the Government refused to file a § 5K1.1 motion for downward departure in bad faith. The Government proffers two reasons for refusing to request a downward departure: (1) Defendant failed to provide substantial assistance; and (2) Defendant violated the Plea Agreement by committing a crime.

## II.  DISCUSSION

If a plea agreement provides the government with "sole discretion" to determine whether a defendant has complied with the agreement, the Court "is empowered to examine for good faith a prosecutor's refusal to file a § 5K1.1 motion . . . ." *United States v. Isaac*, 141 F.3d 477, 483 (3d Cir. 1998). Good faith "require[s] only that the government's position be based on an honest evaluation of assistance provided and not on considerations extraneous to that assistance." *United States v. Fuentes*, 99 F. App'x 411, 413 (3d Cir. 2004).

Though Lopez does not explicitly request an evidentiary hearing, because he alleges that the Government acted in bad faith in not seeking a downward departure, the Court will construe his motion as a request for an evidentiary hearing. An evidentiary hearing is not required simply because a defendant challenges the prosecutor's exercise of discretion. *Isaac*, 141 F.3d at 484. Rather, a defendant must first allege that the government is acting in bad faith. *Id.* Then, the government "may

rebut this allegation by explaining its reasons for refusing to depart." *Id.* (quoting *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992) (internal quotation marks omitted)). If the government gives a reason for refusing to pursue a downward departure, a hearing is not required unless the defendant's version of events is "supported by at least some evidence" or the "government's reasons are wholly insufficient." *Id.*

In his motion, Lopez states in a conclusory fashion that the Government acted in bad faith in failing to seek a downward departure on his behalf. (Def.'s Mot. for Relief to Enforce the Agreement for a Downward Departure [Mot. for Downward Departure] at 4.) In response, the Government provides two reasons that it did not seek a downward departure. First, the Government argues that Lopez's assistance was not substantial, as required by the Plea Agreement, because he "did not provide any information that led to any new investigations" and "was never called as a witness at trial or in grand jury, and no charges were brought as a result of any information that he provided." (Gov't's Opp'n to Juan Martin Lopez's Mot. for Relief to Enforce the Agreement for Downward Departure [Opp'n] at 1.) Lopez does not address what information he provided that would constitute "substantial assistance" under the Plea Agreement, nor does he offer anything to support an allegation of bad faith. This, alone, is sufficient for the Court to deny Lopez's motion. *See United States v. Vanasse*, 48 F. App'x 30, 36 (3d Cir. 2002) (upholding government's decision not to pursue downward departure because the defendant "failed to present evidence that he provided substantial assistance to the government").

In addition to claiming that Lopez failed to supply "substantial assistance," the Government also claims that Lopez tampered with a witness and retaliated against an informant after signing the Plea Agreement. (Opp'n at 11 n.6.) The Government alleges that, according to two informants,

Lopez revealed the identity of a confidential informant to an inmate and said "you know what you have to do" to the informant. (*Id.* at 7-9.) Although Lopez argues that he did not threaten the informant and that he revealed the identity of the informant because he "did not want to be known as an informant," he provides no evidence or explanation as to how the Government acted in bad faith in suspecting him of committing a crime. (Mot. for Downward Departure at 4.) Lopez claims that, because he is being accused of committing a crime, a hearing is required before the Government's decision not to pursue downward departure may be upheld. (*See id.* at 3-4.) The Court disagrees. The standard, as explained above, is good faith and Lopez has not given a shred of evidence to support his allegations that the Government acted in bad faith. *See Fuentes*, 99 F. App'x at 413-14 (applying the "good faith" standard after government refused to seek downward departure because they suspected the defendant of committing a crime after entering into the plea agreement).

**III.    CONCLUSION**

For the aforementioned reasons, the Court denies Lopez's motion to enforce the Plea Agreement. An Order consistent with this Memorandum will be docketed separately.